<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>SOUTHERN DISTRICT OF OHIO</u>
<u>EASTERN DIVISION</u>

| | |
|---|---|
| **Marcus Croft**<br>**5330 Great Oak Way**<br>**Columbus, OH 43213** | **Case No.:** |
| **Plaintiff,** | |
| **vs.** | **Judge:** |
| **City of Columbus, Ohio**<br>**c/o City Attorney**<br>**77 N. Front St.**<br>**4ᵗʰ Floor**<br>**Columbus, Ohio 43215** | **Complaint**<br><br>**JURY DEMAND ENDORSED** |
| **And** | |
| **Derek Blaine**<br>**Shawn Gruber**<br>**c/o Columbus Division of Police**<br>**120 Marconi Blvd.**<br>**Columbus, Ohio 43215** | |
| **Individually and in Their Official Capacities**<br>**as Employees of the City of Columbus, Ohio** | |
| **And** | |
| **Kimberley Jacobs, Chief**<br>**Columbus Division of Police**<br>**c/o Columbus Division of Police**<br>**120 Marconi Blvd.**<br>**Columbus, Ohio 43215** | |
| **Individually and in her official capacity as**<br>**Employee of the City of Columbus, Ohio** | |
| **Defendants.** | |

NOW COMES Plaintiff, Marcus Croft, by and through his attorneys, and for his Complaint states as follows:

## JURISDICTION AND PARTIES

1.      This action is brought pursuant to Ohio statutes, and United States Constitution Amendments IV and XIV, § 1983 and § 1988, respectively.

2.      Defendant City of Columbus, Ohio, is a political subdivision of the state of Ohio, organized and existing under the laws of the state of Ohio, and operating and conducting business in Franklin County, Ohio. Columbus Division of Police is a subdivision of Defendant City of Columbus, Ohio.

3.      Upon information and belief, Defendant City of Columbus, Ohio Division of Police Officer Derek Blaine is being sued in his individual capacity; to wit, Officer Blaine was a resident of Franklin County at the time of the incident. Officer Blaine was at all times relevant to this action a law enforcement officer employed by the Columbus Division of Police. Officer Blaine is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the City of Columbus.

4.      Upon information and belief, Defendant City of Columbus, Ohio Division of Police Officer Shawn Gruber is being sued in his individual capacity; to wit, Officer Gruber was a resident of Franklin County at the time of the incident. Officer Gruber was at all times relevant to this action a law enforcement officer employed by the Columbus Division of Police. Officer Gruber is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the City of Columbus.

5.      Upon information and belief, Defendant City of Columbus, Ohio Division of Police Chief Kimberley Jacobs is being sued in her individual capacity; to wit, Chief Jacobs was a resident of Franklin County at the time of the incident. Chief Jacobs is the current holder of the office of Chief of the Columbus Division of Police, and the Chief Law Enforcement Officer for Columbus, Ohio. Chief Jacobs is the final policymaker with respect to the policies of the Columbus Division of Police. Chief Jacobs is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued individually and in her official capacity as an employee of the City of Columbus.

6.      Plaintiff Marcus Croft is an African-American and was a resident of Franklin County, Ohio, at all times material to the subject incident.

7.      All of the events or omissions giving rise to this action occurred in Franklin County, Ohio.

8.      The actions of the Defendants, as well as their agents and employees, which were within the scope of their employment, were at all relevant times undertaken with malice and knowing disregard for the Plaintiff's rights.

9.      This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

## FACTUAL ALLEGATIONS

10.      On May 7, 2015 Plaintiff Marcus Croft was a driver traveling in a vehicle going southbound on James Road in Franklin County, Ohio. A passenger, Tevin Wright, was in the vehicle as well.

11.     Mr. Croft wanted to take a different route and turned off of James Road onto Maryland Ave. Mr. Croft then decided to turn his vehicle around and go back to James Road. He decided to turn into a private driveway and noticed a police vehicle drive past him. The police vehicle continued west onto Maryland Ave. He noticed the police vehicle turned north onto a side street, which he later found to be Lowell Road.

12.     Mr. Croft continued on his way, passing Lowell Road and noticing what he thought to be another police vehicle. The police vehicle was stopped southbound on the same street that he just witnessed the other police vehicle turn. As Mr. Croft drove past, the vehicle turned to follow him and immediately activated their lights and sirens. Mr. Croft initially thought the officers were driving past him because he had done nothing wrong.

13.     Once Mr. Croft saw the officers activate their lights and sirens he pulled to the curb. As he looked in the mirror he immediately noticed Officer Blaine approaching him with his firearm in his hand. As Mr. Croft looked over his shoulder he noticed that Officer Blaine had his firearm pointed directly at his face.

14.     Mr. Croft was afraid to move in fear that the officer was going to shoot him.

15.     Officer Blaine ordered Mr. Croft to place his hands on the steering wheel. Tevin Wright was ordered to place his hands on the vehicle dashboard. Mr. Croft immediately informed Officer Blaine that he was a concealed carry permit holder and that he was in possession of a firearm located on his waist.

16.     Officer Blaine attempted to open Mr. Croft's vehicle, asked him to exit the vehicle and proceeded to place his hands behind his back as if he was going to place cuffs on him. He removed the firearm from Mr. Croft's side, unloaded it and placed it on the roof of the vehicle.

17.    Officer Blaine, without asking for permission to do so, pulled items out of Mr. Croft's pockets, including a cell phone, a wallet, and a phone charger. Mr. Croft did not provide consent to search his person or seize any items.

18.    Officer Blaine walked Mr. Croft to the curb and made him sit down. A few minutes later Officer Gruber made Mr. Wright sit down on the curb.

19.    Officer Blaine then proceeded to search Mr. Croft's vehicle. As Officer Blaine searched the vehicle, Officer Gruber questioned Mr. Croft and Mr. Wright. Officer Gruber informed Mr. Croft that as "as long as you don't have any Kilos or anything like that in the car, you should be good." Officer Blaine then searched the trunk of the vehicle and began going through a lunch box and other items in the trunk.

20.    Mr. Croft never consented to a search of the vehicle.

21.    When asked why he was being detained, Mr. Croft was never given a valid reason for his stop. He was told he either looked suspicious or was involved in suspicious activity.

22.    Once the search of the vehicle concluded, Mr. Croft and Mr. Wright were allowed to return to the vehicle. Officer Blaine returned Mr. Croft's belongings and stated, "Here is your gun, and here is your I.D., after we pull off you can load your gun, and you can leave."

23.    Officer Blaine never asked Mr. Croft for his vehicle registration or his vehicle insurance documents. He was not issued a citation or given a legal reason for being stopped.

24.    On May 14, 2015, Mr. Croft was again stopped by Officers Blaine and Gruber in a traffic stop. When Mr. Croft realized the same two officers had pulled him over a week prior,

he informed the officers of his observation. Officers Blaine and Gruber then let Mr. Croft go, again failing to issue any citation.

25.     The actions of Officers Blaine and Gruber were in clear violation of Mr. Croft's constitutional right to be free from unreasonable search and seizure.

26.     Mr. Croft filed a formal complaint based on the two aforementioned traffic stops, accusing Officers Blaine and Gruber of racial profiling and other violations. When questioned by the investigator, Sergeant Anthony Wilson, about the reason for the stop, Officers Blaine and Gruber could not remember the reason for the traffic stop. They admitted to not airing the vehicle license plate as well as numerous other procedural violations.

27.     Officers Blaine and Gruber did not complete a traffic data collection form related to Mr. Croft's traffic stop.  When asked by Sergeant Wilson if he recalled completing any traffic data collection forms that day, Officer Gruber stated "I have no idea, it really kind of depends on who you work with."  He further stated, "Some people are really into the traffic data collection, and they are always doing them, just sometimes you don't do them, I couldn't say normally, but we try to do them."

28.     When asked by Sergeant Wilson why no citation was issued, Officer Blaine stated, "They seemed cool after the whole incident and everything seemed fine and we just explained to them you know what was going on, and he seemed okay with it and we just went on our way and they seemed okay about it."

29.     When asked Sergeant Wilson whether reaching his hands into Mr. Croft's pockets and removing contents constituted a search, Officer Blaine stated, "Yea, if I went into his pocket, yea I was searching for his wallet with his I.D.'s and stuff out." When asked by the

investigator why he continued to search Mr. Croft after his wallet was retrieved, Officer Blaine stated that he did not know.

30.     During the interviews with the investigator, Officer Blaine failed to clearly articulate the reason for approaching Mr. Croft's vehicle with his firearm pointed directly at Mr. Croft. Officer Blaine stated that it was "something with the passenger," while Officer Gruber stated that he did not feel threatened by the passenger.

*31.*     Following the Internal Affairs investigation, Sergeant Wilson sustained several allegations: *Officer Blaine failed to explain to Mr. Croft the reason for the traffic stop; Officer Blaine conducted an illegal search of Mr. Croft and removed the contents of his pockets without cause; Officer Blaine conducted an illegal search of the vehicle Mr. Croft was operating; Officer Gruber failed to submit marijuana that was recovered during a traffic stop to the property room; Officer Blaine unloaded a firearm that Mr. Croft was legally permitted to carry; Officer Blaine did not have his division-issued body microphone activated when he exited his police vehicle during a traffic stop; Officers Blaine and Gruber did not log in to the CVS prior to marking in service; Officers Blaine and Officer Gruber did not complete Traffic Data Collection Form U-10-117 after initiating a traffic stop; and Officers Blaine and Gruber did not conduct a warrant check on Mr. Croft.*

32.     Sergeant Wilson also noted that Officer Gruber's failure to be forthright during the court of the investigation raised concerns as to the legitimacy of his traffic stops. Further concerns were found with both Officers Blaine and Gruber regarding not wearing or activating the body microphone, conducting LEADS and warrant checks, advising the dispatcher of the traffic stop, advising people of the reason for the traffic stop, and the destruction of marijuana.

33.     As a result of the investigation of Marcus Croft, on June 8, 2015 a supervisory review was conducted of 16 traffic stops that Officers Blaine and Gruber initiated on May 28, 2015. According to Sergeant Wilson, "The state of the supervisory review of CVS was selected after interviews had been completed on two previous investigations involving same or similar allegations and behavior; indicating Officer Blaine and Officer Gruber had already been put on notice regarding concerns over their alleged behavior."

34.     According to Sergeant Wilson, "a supervisory review of video disclosed a pattern of conduct by Officer Blaine and Officer Gruber that may involve illegal searches of persons and their vehicle.  In addition, there were several violations of Division policies and procedures." When attempting to speak with those potentially affected by this pattern of conduct by Officers Blaine and Gruber, Sergeant Wilson noted that they were hesitant to speak, "because they were distrusting of the police, and particularly unbelieving that the police would conduct an investigation involving potential misconduct by its own police officers."

35.     As a result of the supervisory review, 16 allegations of misconduct were sustained against Officers Blaine and Gruber out of the May 28, 2015 traffic stops alone. Of the traffic stops on the day in question, 12 of the 16 involved an African-American driver, one involved an African-American passenger, and the other three stops left Sergeant Wilson unable to determine the race and gender of the drivers involved.

36.     Sergeant Wilson noted that *"because Officer Blaine and Officer Gruber had no intention of writing tickets to the drivers of the vehicles that were stopped and searched, their actions may raise questions pertaining to racial profiling."*

37.     After concluding the investigation and submitting the sustained allegations for review, Sergeant Wilson's findings were mostly overturned by the chain of command. This included a review by the Supervising Sergeant, Lieutenant, Commander and Deputy Chief of Officers Blaine and Gruber. Their actions allowed Officers Blaine and Gruber to avoid significant discipline related to their unlawful conduct.

38.     Overturning the sustained allegations against Officers Blaine and Gruber served to tacitly authorize their unlawful conduct of violating the constitutional rights of citizens to be free from unreasonable search and seizure, including Mr. Croft.

39.     The Columbus Division of Police has a policy, practice and custom of allowing officers to violate the constitutional rights of citizens, and failing to adequately train, supervise and discipline officers who participate in such unlawful conduct.

40.     Chief Kimberly Jacobs, as chief law enforcement officer for the City of Columbus, Ohio, serves as the ultimate policymaker for the Columbus Division of Police, and had both actual and constructive knowledge of the actions of both Officers Blaine and Gruber, as well as actual and constructive knowledge of the actions of the chain of command in failing to train, supervise and discipline Officers Blaine and Gruber.

## COUNT I

**UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. § 1983 AMENDMENTS IV AND XIV – OFFICER DEREK BLAINE**

41.     Plaintiff hereby incorporates paragraphs 1-40 as though fully set forth herein.

42.     This is an action brought against Defendant City of Columbus Division of Police Officer Derek Blaine in his individual and official capacity, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

43.     At all times material hereto, Defendant Derek Blaine was an employee and/or agent of Defendant City of Columbus, and acting within the course and scope of his employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Columbus.

44.     On May 7th, 2015, Defendant Derek Blaine subjected Plaintiff Marcus Croft to an unreasonable search and seizure, depriving him of bodily integrity, liberty, and due process of law.

45.     The actions of Defendant Derek Blaine, acting in concert and under color of law, were undertaken intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

46.     As a direct and proximate result of said Defendant Derek Blaine's acts, omissions, and clear use of excessive force, Defendant deprived Plaintiff Marcus Croft of the right to be free from unreasonable search and seizure and the right to due process of law guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

47.     Plaintiff Marcus Croft has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

(a)     Compensation for physical and emotional harm;

(b)     Loss of earnings and net accumulations;

(c)     Past medical bills and expenses;

(d)     Conscious pain and suffering;

(e)     Punitive damages;

(f)     Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g)     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Marcus Croft demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## <u>COUNT II</u>

### UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. § 1983 AMENDMENTS IV AND XIV – OFFICER DEREK BLAINE

48.     Plaintiff hereby incorporates paragraphs 1-47 as though fully set forth herein.

49.     This is an action brought against Defendant City of Columbus Division of Police Officer Derek Blaine in his individual and official capacity, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

50.     At all times material hereto, Defendant Derek Blaine was an employee and/or agent of Defendant City of Columbus, and acting within the course and scope of his employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Columbus.

51.     On May 14th, 2015, Defendant Derek Blaine subjected Plaintiff Marcus Croft to an unreasonable search and seizure, depriving him of bodily integrity, liberty, and due process of law.

52.     The actions of Defendant Derek Blaine, acting in concert and under color of law, were undertaken intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of his acts, was done without lawful

justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

53. As a direct and proximate result of said Defendant Derek Blaine's acts, omissions, and clear use of excessive force, Defendant deprived Plaintiff Marcus Croft of the right to be free from unreasonable search and seizure and the right to due process of law guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

54. Plaintiff Marcus Croft has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

(a)    Compensation for physical and emotional harm;

(b)    Loss of earnings and net accumulations;

(c)    Past medical bills and expenses;

(d)    Conscious pain and suffering;

(e)    Punitive damages;

(f)    Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g)    Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Marcus Croft demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT III

### UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. § 1983 AMENDMENTS IV AND XIV – OFFICER SHAWN GRUBER

55. Plaintiff hereby incorporates paragraphs 1-54 as though fully set forth herein.

56.     This is an action brought against Defendant City of Columbus Division of Police Officer Shawn Gruber in his individual and official capacity, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

57.     At all times material hereto, Defendant Shawn Gruber was an employee and/or agent of Defendant City of Columbus, and acting within the course and scope of his employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Columbus.

58.     On May 7th, 2015, Defendant Shawn Gruber subjected Plaintiff Marcus Croft to an unreasonable search and seizure, depriving him of bodily integrity, liberty, and due process of law.

59.     The actions of Defendant Shawn Gruber, acting in concert and under color of law, were undertaken intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

60.     As a direct and proximate result of said Defendant Shawn Gruber's acts, omissions, and clear use of excessive force, Defendant deprived Plaintiff Marcus Croft of the right to be free from unreasonable search and seizure and the right to due process of law guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

61.     Plaintiff Marcus Croft has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

(a)     Compensation for physical and emotional harm;

    (b)       Loss of earnings and net accumulations;

    (c)       Past medical bills and expenses;

    (d)       Conscious pain and suffering;

    (e)       Punitive damages;

    (f)       Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

    (g)       Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Marcus Croft demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## **COUNT IV**

### **UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. § 1983 AMENDMENTS IV AND XIV – OFFICER SHAWN GRUBER**

62.     Plaintiff hereby incorporates paragraphs 1-61 as though fully set forth herein.

63.     This is an action brought against Defendant City of Columbus Division of Police Officer Derek Blaine in his individual and official capacity, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

64.     This is an action brought against Defendant City of Columbus Division of Police Officer Shawn Gruber in his individual and official capacity, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

65.     At all times material hereto, Defendant Shawn Gruber was an employee and/or agent of Defendant City of Columbus, and acting within the course and scope of his employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Columbus.

66. On May 14th, 2015, Defendant Shawn Gruber subjected Plaintiff Marcus Croft to an unreasonable search and seizure, depriving him of bodily integrity, liberty, and due process of law.

67. The actions of Defendant Shawn Gruber, acting in concert and under color of law, were undertaken intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

68. As a direct and proximate result of said Defendant Shawn Gruber's acts, omissions, and clear use of excessive force, Defendant deprived Plaintiff Marcus Croft of the right to be free from unreasonable search and seizure and the right to due process of law guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

69. Plaintiff Marcus Croft has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

(a) Compensation for physical and emotional harm;

(b) Loss of earnings and net accumulations;

(c) Past medical bills and expenses;

(d) Conscious pain and suffering;

(e) Punitive damages;

(f) Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g) Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff Marcus Croft demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT V

**RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983 THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT – OFFICER DEREK BLAINE**

70.     Plaintiff hereby incorporate paragraphs 1-69 as though fully set forth herein.

71.     This is an action brought against Defendant City of Columbus Officer Defendant Derek Blaine in his individual and official capacity, pursuant to the United States Constitution Amendments IV and XIV, based upon racial discrimination in law enforcement and failure to provide equal protection under the law in violation of 42 U.S.C. § 1983 and § 1988.

72.     At all times material hereto, Defendant Derek Blaine was an employee and/or agent of Defendant City of Columbus, acting within the course and scope of his employment with same, and in furtherance of the interest of Defendant City of Columbus, and with Defendant City of Columbus' consent.

73.     Plaintiff, as an African-American is a member of a protected class, and thus also had the clearly established statutory right to be free from racially motivated arrests, detentions, searches and seizures.

74.     Any reasonable officer knew or should have known that these rights at the time of the complained conduct as they were clearly established at that time.

75.     Plaintiff's race was a motivating factor in the decisions to detain and search him. Defendant's conduct was undertaken with the purpose of depriving Plaintiff of the equal

protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

76. Defendant engaged in the conduct described in the complaint willfully, maliciously, in bad faith, and in reckless disregard for Plaintiff's federally protected rights.

77. The acts or omissions of the Defendant were moving forces behind Plaintiff's injuries.

78. Plaintiff Marcus Croft has permanent and ongoing damages as a result of said incident and as such is entitled to recovery, including but not limited to the following:

 (a) Compensation for physical and emotional harm;

 (b) Loss of earnings and net accumulations;

 (c) Past medical bills and expenses;

 (d) Conscious pain and suffering;

 (e) Punitive damages;

 (f) Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

 (g) Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Marcus Croft demands damages in an amount in excess of SEVENTY- FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT VI

**RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983 THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT – OFFICER SHAWN GRUBER**

79. Plaintiff hereby incorporate paragraphs 1-78 as though fully set forth herein.

80. This is an action brought against Defendant City of Columbus Officer Defendant Shawn Gruber in his individual and official capacity, pursuant to the United States Constitution

Amendments IV and XIV, based upon racial discrimination in law enforcement and failure to provide equal protection under the law in violation of 42 U.S.C. § 1983 and § 1988.

81.    At all times material hereto, Defendant Shawn Gruber was an employee and/or agent of Defendant City of Columbus, acting within the course and scope of his employment with same, and in furtherance of the interest of Defendant City of Columbus, and with Defendant City of Columbus' consent.

82.    Plaintiff, as an African-American is a member of a protected class, and thus also had the clearly established statutory right to be free from racially motivated arrests, detentions, searches and seizures.

83.    Any reasonable officer knew or should have known that these rights at the time of the complained conduct as they were clearly established at that time.

84.    Plaintiff's race was a motivating factor in the decisions to detain and search him. Defendant's conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

85.    Defendant engaged in the conduct described in the complaint willfully, maliciously, in bad faith, and in reckless disregard for Plaintiff's federally protected rights.

86.    The acts or omissions of the Defendant were moving forces behind Plaintiff's injuries.

87.    Plaintiff Marcus Croft has permanent and ongoing damages as a result of said incident and as such is entitled to recovery, including but not limited to the following:

(a)    Compensation for physical and emotional harm;

(b)     Loss of earnings and net accumulations;

(c)     Past medical bills and expenses;

(d)     Conscious pain and suffering;

(e)     Punitive damages;

(f)     Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g)     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Marcus Croft demands damages in an amount in excess of SEVENTY- FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT VII

### *MONELL* CLAIM AGAINST THE CITY OF COLUMBUS, OHIO – 42 U.S.C. § 1983

88.     Plaintiff hereby incorporate paragraphs 1-87 as though fully set forth herein.

89.     At all times material hereto, Defendants were employees and/or agents of Defendant City of Columbus, acting within the course and scope of their employment with same, and in furtherance of the interest of Defendant City of Columbus, and with Defendant City of Columbus' consent.

90.     The City of Columbus directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant officers. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant City of Columbus.

91.     Defendant Columbus Division of Police Chief Kimberly Jacobs had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendants Blaine and Gruber. A proper investigation would have included

that Defendants Blaine and Gruber participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

92.     Defendant City of Columbus had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendants Blaine and Gruber. A proper investigation would have included that Defendants Blaine and Gruber participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

93.     At the time of the incidents described in this Complaint, the pattern of racially discriminatory and/or unlawful conduct was established through policy, practice and custom of the City of Columbus and the Columbus Division of Police.

94.     By tacitly authorizing the behavior of Defendants, the policymakers and those responsible for hiring, training and supervision of police officers within the City of Columbus acted negligently, recklessly, intentionally, willfully, wantonly, knowingly and with deliberate indifference to the serious safety needs of the citizens of Columbus, including Marcus Croft.

95.     Defendant City of Columbus has a policy, practice and custom of failing to adequately investigate and discipline police officers who exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Marcus Croft.

96.     Defendant City of Columbus has a policy, practice and custom of allowing officers to exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Marcus Croft.

97.     Defendant City of Columbus has a policy, practice and custom of exhibiting racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Marcus Croft.

98.     Defendant City of Columbus has a policy, practice and custom of failing to investigate civilian complaints against officers consisting of racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Marcus Croft.

99.     Defendant City of Columbus negligently retained Defendants Blaine and Gruber.

100.     Defendant City of Columbus has a policy, practice and custom of negligently retaining police officers who exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Marcus Croft.

101.     Defendant City of Columbus failed to adequately train Defendants Blaine and Gruber.

102.     Defendant City of Columbus has a policy, practice and custom of failing to adequately train police officers who exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Marcus Croft.

103.     The policies, practices and customs described above have been the subject of civil rights investigations, previous lawsuits and have been well known within the Columbus community for many years. These policies, practices and customs have been perpetuated by the line officers including Defendants Blaine and Gruber, Chief Kimberly Jacobs, policymakers

and those responsible for hiring, training and supervision of police officers within the City of

Columbus who have all acted negligently, recklessly, intentionally, knowingly and with deliberate

indifference to the serious safety needs of the citizens of Columbus, including Marcus Croft.

104.    The wrongful policies, practices, customs and/or usages complained of herein,

demonstrated a deliberate indifference on the part of policymakers of the City of Columbus to

the constitutional rights of persons within the city, and were the direct and proximate cause of

the violations of Plaintiff's rights alleged herein.

Respectfully submitted,

*/s/ Sean L. Walton*

Sean L. Walton (0088401)
Chanda L. Brown (0081076)
WALTON + BROWN, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
Telephone:    (614) 636-3476
Facsimile:     (614) 636-3453
Email: swalton@waltonbrownlaw.com
             cbrown@waltonbrownlaw.com
*Attorneys for Plaintiff Marcus Croft*

## JURY DEMAND

Plaintiff hereby requests a jury to hear all issues so triable.


*/s/ Sean L. Walton*
Sean L. Walton (0088401)