# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Marcus Croft, : | |
| : | Case No. 2:17-cv-398 |
| Plaintiff, : | |
| : | Judge George C. Smith |
| v. : | |
| : | Magistrate Judge |
| City of Columbus, Ohio, et al., : | Elizabeth A. Preston Deavers |
| : | |
| Defendants. : | |

## ANSWER OF DEFENDANTS CITY OF COLUMBUS, OHIO, DEREK BLAINE, SHAWN GRUBER, AND KIMBERLEY JACOBS TO PLAINTIFF'S COMPLAINT

For their answer to the Complaint filed against them by Plaintiff Marcus Croft (Doc. 1), Defendants City of Columbus, Ohio, Derek Blaine, Shawn Gruber, and Kimberley Jacobs (collectively "Defendants"), state the following:

1. Paragraph 1 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent this paragraph does contain specific factual allegations, Defendants state that Blaine: (a) was a resident of Franklin County, Ohio; and (b) was at all times relevant to this action a law enforcement officer with the Columbus Division of Police. Defendants deny any remaining allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent this paragraph does contain specific factual allegations, Defendants state that Gruber: (a) was a resident of Franklin County, Ohio; and (b) was at all times relevant to this action a law enforcement officer with the Columbus Division of Police. Defendants deny any remaining allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent this paragraph does contain specific factual allegations, Defendants state Defendant Jacobs: (a) was a resident of Franklin County, Ohio; (b) was at all times relevant to this action a law enforcement officer with the Columbus Division of Police; and (c) was at all times relevant to this action the Chief of the Police for Defendant City of Columbus. Defendants deny any remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that all relevant acts, or omissions, if any existed, would have occurred in Franklin County, Ohio.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny any allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendants state that: (a) Croft turned off of James Road onto Maryland Avenue; (b) Croft turned into a private driveway; (c) the police vehicle drove past Croft and continued west on Maryland Avenue; and (d) the police

vehicle turned north onto Lowell Road. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants state that: (a) Croft pulled out of the driveway then continued driving westbound on Maryland Avenue; (b) the police vehicle was stopped and facing southbound on Lowell Road; (c) As Croft drove past, the police vehicle turned to follow him; and (d) the police vehicle's lights and sirens were activated. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendants state that: (a) Croft pulled to the curb after the police vehicle's lights and sirens were activated; (b) Blaine approached Croft's location on the driver's side of Croft's vehicle; (c) Blaine approached Croft's vehicle with his firearm in his hand; and (d) Blaine pointed his firearm in Croft's direction as he approached Croft's vehicle. Defendants deny any remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendants state that: (a) Blaine ordered Croft to place his hands on the steering wheel; (b) Tevin Wright was ordered to place his hands on the vehicle dashboard; and (c) Croft informed Blaine that he was a concealed carry permit holder and was in possession of a firearm. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendants state that: (a) Blaine walked Croft to the curb and asked him to sit down; and (b) Gruber asked Wright to sit down on the curb. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendants state that: (a) Gruber spoke with Croft and Wright; (b) Gruber told Croft that as long as he didn't have Kilos or anything like that in the car, he should be good; and (c) Blaine searched Croft's vehicle, including the trunk. Defendants deny any remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendants: (a) admit that Croft was not issued a citation; (b) deny that Croft was not given a legal reason for being stopped; and (c) are without knowledge or information sufficient to form a belief as to the truth of the allegation that Blaine never asked Croft for his vehicle registration or vehicle insurance documents.

24. In response to Paragraph 24 of the Complaint, Defendants state that: (a) Croft was stopped by Blaine and Gruber on May 14, 2015; (b) Croft informed the officers that they had stopped him the week before; and (c) Blaine and Gruber let Croft go without issuing him a citation. Defendants deny any remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, Defendants state that: (a) Croft filed a formal complaint based on the two traffic stops and, during his intake interview, accused

Blaine and Gruber of racial profiling and other violations; and (b) when asked about the reason for the stop, Blaine stated that it was a traffic violation. Defendants deny any remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendants state that Blaine stated, "Yea, if I went into his pocket yea I was searching for his wallet with his IDs and stuff out." Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Defendants admit that Sergeant Wilson recommended sustaining the allegations listed in Paragraph 31 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Defendants admit that Sergeant Wilson stated that he had concerns about the issues listed in Paragraph 32 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, Defendants state that: (a) Sergeant Anthony Wilson conducted a review of CVS on 16 traffic stops that Blaine and Gruber initiated on May 28, 2015; and (b) Wilson wrote, "Finally, the state of the supervisory review of CVS was selected after interviews had been completed on two previous investigations involving same or similar allegations and behavior; indicating Officer Blaine and Officer Gruber had already been put on notice regarding concerns over their alleged behavior." Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Defendants state that: (a) Sergeant Anthony Wilson wrote "A supervisory review of video disclosed a pattern of conduct by Officer Blaine and Officer Gruber that may involve illegal searches of persons and their vehicle. In addition, there were several violations of Division policies and procedures"; and (b) Wilson wrote: "Finally, some of the vehicle owners were hesitant to speak with this investigator because they were distrusting of the police, and particularly unbelieving that the police would conduct an investigation involving potential misconduct by its own police officers." Defendants deny any remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint and deny that any racial profiling or constitutional violations occurred.

36. Defendants admit the allegations contained in Paragraph 36 of the Complaint and deny that any racial profiling or constitutional violations occurred.

37. In response to Paragraph 37 of the Complaint, Defendants state that: (a) the investigation was reviewed by Blaine and Gruber's chain of command; (b) the chain of command agreed with some of Wilson's recommendations; (c) the chain of command disagreed with some of Wilson's recommendations; and (d) Blaine and Gruber were appropriately disciplined. Defendants deny any remaining allegations contained in Paragraph 37 of the Complaint and specifically deny that the conduct of Blaine and Gruber was unlawful.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants incorporate their prior admissions, denials, and statements as if fully rewritten herein in response to any allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 42 of the Complaint.

43. In response to Paragraph 43 of the Complaint, Defendants state that, at all relevant times, Blaine: (a) was employed by Defendant City of Columbus as a law enforcement officer; (b) was performing police services as part of his regular job duties; and (c) acted appropriately. Defendants deny the remaining allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants incorporate their prior admissions, denials, and statements as if fully rewritten herein in response to any allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 49 of the Complaint.

50. In response to Paragraph 50 of the Complaint, Defendants state that, at all relevant times, Blaine: (a) was employed by Defendant City of Columbus as a law enforcement officer; (b) was performing police services as part of his regular job duties; and (c) acted

appropriately. Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants incorporate their prior admissions, denials, and statements as if fully rewritten herein in response to any allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 56 of the Complaint.

57. In response to Paragraph 57 of the Complaint, Defendants state that, at all relevant times, Gruber: (a) was employed by Defendant City of Columbus as a law enforcement officer; (b) was performing police services as part of his regular job duties; and (c) acted appropriately. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants incorporate their prior admissions, denials, and statements as if fully rewritten herein in response to any allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 64 of the Complaint.

65. In response to Paragraph 65 of the Complaint, Defendants state that, at all relevant times, Gruber: (a) was employed by Defendant City of Columbus as a law enforcement officer; (b) was performing police services as part of his regular job duties; and (c) acted appropriately. Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants incorporate their prior admissions, denials, and statements as if fully rewritten herein in response to any allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 71 of the Complaint.

72. In response to Paragraph 72 of the Complaint, Defendants state that, at all relevant times, Gruber: (a) was employed by Defendant City of Columbus as a law enforcement officer; (b) was performing police services as part of his regular job duties; and (c) acted appropriately. Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent this paragraph does contain specific factual allegations, Defendants deny that Plaintiff's race had any bearing, relevance, or influence over any portion of the incidents at issue. Defendants deny any remaining allegations contained in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent this paragraph does contain specific factual allegations, Defendants deny that Plaintiff's race had any bearing, relevance, or influence over any portion of the incidents at issue. Defendants deny any remaining allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants incorporate their prior admissions, denials, and statements as if fully rewritten herein in response to any allegations contained in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent that a response to such legal

conclusions and non-factual statements is required, Defendants deny any allegations contained in Paragraph 80 of the Complaint.

81. In response to Paragraph 81 of the Complaint, Defendants state that, at all relevant times, Gruber: (a) was employed by Defendant City of Columbus as a law enforcement officer; (b) was performing police services as part of his regular job duties; and (c) acted appropriately. Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent this paragraph does contain specific factual allegations, Defendants deny that Plaintiff's race had any bearing, relevance, or influence over any portion of the incidents at issue. Defendants deny any remaining allegations contained in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint contains legal conclusions and non-factual statements to which no response is required. To the extent this paragraph does contain specific factual allegations, Defendants deny that Plaintiff's race had any bearing, relevance, or influence over any portion of the incidents at issue. Defendants deny any remaining allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants incorporate their prior admissions, denials, and statements as if fully rewritten herein in response to any allegations contained in Paragraph 88 of the Complaint.

89. In response to Paragraph 89 of the Complaint, Defendants state that, at all relevant times, Blaine, Gruber, and Jacobs: (a) were employed by Defendant City of Columbus as a law enforcement officers; (b) were performing police services as part of his regular job duties; and (c) acted appropriately. Defendants deny the remaining allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny each and every allegation contained in the Complaint that has not expressly been admitted in this Answer.

**FIRST DEFENSE**

106. Plaintiff fails to state any claims upon which relief can be granted.

**SECOND DEFENSE**

107. Plaintiff's claims are barred in whole or in part by the relevant statute(s) of limitations.

**THIRD DEFENSE**

108. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

**FOURTH DEFENSE**

109. Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

**FIFTH DEFENSE**

110. At all relevant times, Defendants acted reasonably, in good faith, and not in violation of any clearly established federal, state, or local right created by any constitution, statute, rule, regulation, case law, or other legal authority.

**SIXTH DEFENSE**

111. Defendants reserve the right to assert such additional defenses that may become apparent as investigation and discovery in this civil action proceeds.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed at Plaintiff's cost and that Defendants be awarded their reasonable costs of this action, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Westley M. Phillips
        Westley M. Phillips (0077728)
        Melanie R. Tobias (0070499)
        Assistant City Attorneys
        CITY OF COLUMBUS, DEPARTMENT OF LAW
        RICHARD C. PFEIFFER, JR., CITY ATTORNEY
        77 North Front Street
        Columbus, Ohio 43215
        (614) 645-7385
        (614) 645-6949 (fax)
        wmphillips@columbus.gov
        mrtobias@columbus.gov

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on September 12, 2017, I electronically filed the foregoing with the Clerk of the Court by using this Court's e-Filing System, which will send a notice of this electronic filing to the following individuals:

Sean L. Walton (0088401)
Chanda L. Brown (0081076)
Walton + Brown, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 636-3476
Facsimile: (614) 636-3453
swalton@waltonbrownlaw.com
cbrown@waltonbrownlaw.com
*Attorneys for Plaintiff Marcus Croft*

        /s/Westley M. Phillips
        Westley M. Phillips (0077728)
        Assistant City Attorney