# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARCUS CROFT,**

    **Plaintiff,**

**-v-**

    Case No.: 2:17-cv-398
    JUDGE GEORGE C. SMITH
    Magistrate Judge Deavers

**CITY OF COLUMBUS,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Kimberley Jacobs' Motion for Judgment on the Pleadings (Doc. 17). Plaintiff Marcus Croft has not filed a response, despite the Magistrate Judge allowing for extra time to do so. (*See* Doc. 18). Plaintiff was cautioned that the failure to respond may result in the granting of Defendant Jacobs' Motion. For the reasons that follow, Defendant Jacobs' Motion for Judgment on the Pleadings is **GRANTED**.

### I. BACKGROUND

Plaintiff Marcus Croft initiated this case against Defendants the City of Columbus, Derek Blaine, Shawn Gruber, and Kimberley Jacobs, individually and in their official capacity as employees of the City of Columbus. (Doc. 1). Plaintiff's allegations referencing Chief Jacobs are contained in paragraphs 5, 40, and 91 of Plaintiff's Complaint (Doc. 1). Those allegations state as follows:

> 5. Upon information and belief, Defendant City of Columbus, Ohio Division of Police Chief Kimberley Jacobs is being sued in her individual capacity; to wit, Chief Jacobs was a resident of Franklin County at the time of the incident. Chief Jacobs is the current holder of the office of Chief of the Columbus Division of Police, and the Chief Law Enforcement Officer for Columbus, Ohio. Chief Jacobs is the final policymaker with respect to the policies of the Columbus Division of

> Police. Chief Jacobs is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued individually and in her official capacity as an employee of the City of Columbus.
>
> 40. Chief Kimberly Jacobs, as chief law enforcement officer for the City of Columbus, Ohio, serves as the ultimate policymaker for the Columbus Division of Police, and had both actual and constructive knowledge of the actions of both Officers Blaine and Gruber, as well as actual and constructive knowledge of the actions of the chain of command in failing to train, supervise and discipline Officers Blaine and Gruber.
>
> 91. Defendant Columbus Division of Police Chief Kimberly Jacobs had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendants Blaine and Gruber. A proper investigation would have included that Defendants Blaine and Gruber participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

(Doc. 1, Compl. ¶¶ 5, 40, and 91). Plaintiff does not specifically bring any of his claims against Defendant Jacobs.

## II. STANDARD OF REVIEW

Defendant brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id*.; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the

plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### III.   DISCUSSION

Defendant Jacobs moves for judgment on the pleadings as to Plaintiff's official capcity claims against her as they would be duplicative of the claims Plaintiff has asserted against the City of Columbus. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit." *Johnson v. Wash. Cty. Career Ctr.*, No. 2:10-cv-076, 2010 U.S. Dist. LEXIS 62597, *11 (S.D. Ohio June 22, 2010) (Smith, J.).

Based on the aforementioned, all official-capacity claims against Defendant Jacobs are hereby dismissed.

Additionally, Defendant Jacobs moves to dismiss all claims against her in her individual capacity. The allegations in the Complaint, as set forth in detail above, appear to be brought against Defendant Jacobs solely because she was the Chief of Police for the City of Columbus. Defendant argues, and the Court agrees, that in the absence of any factual allegations or evidence that Defendant Jacobs played an active role in the alleged violations, Plaintiff's claims based on the theory that she was the "boss" who "should know what's going on" are insufficient to state a cause of action under 42 U.S.C. § 1983. *See Dixon v. Mohr*, No. 1:12-cv-294, 2012 U.S. Dist. LEXIS 70930, *9-10 (S.D. Ohio May 18, 2012) (Wehrman, M.J.), report and recommendation adopted July 18, 2012 (Dlott, C.J.). A "supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 297 (6th Cir. 1999); *Essex v. Livingston*, 518 Fed. App'x 351, 355 (6th Cir. 2013); *Surface v. Conklin*, No. 1:15-cv-40, 2015 U.S. Dist. LEXIS 65865, *6–8 (S.D. Ohio May 20, 2015) (Black, J.). Again, Plaintiff has not set forth any specific allegations of misconduct by Defendant Jacobs. Therefore, Defendant Jacobs is entitled to judgment on the pleadings on Plaintiff's individual capacity claims against her.

## IV. DISPOSITION

Based on the aforementioned discussion, the Court finds that Defendant Kimberley Jacobs is entitled to judgment on the pleadings on all of Plaintiff's claims against her, both in her official and individual capacities. Defendant's Motion for Judgment on the Pleadings is hereby **GRANTED**.

The Clerk shall remove Document 17 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**